```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

--------------------------------x
UNITED STATES OF AMERICA,       :
                                :
                     Plaintiff, :
                                :
v.                              :       Civil No. 3:09CV1726(AWT)
                                :
TERESA M. WHITTLESEY            :
                                :
                     Defendant. :
--------------------------------x
```

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, the United States of America, filed this action against the defendant, Teresa M. Moots[1] ("Moots") for recovery of debt on a student loan. The plaintiff has filed a motion for summary judgment. For the reasons set forth below, the motion is being granted.

**I. FACTUAL BACKGROUND**

On September 13, 1993, the defendant executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Law-Society National Bank. On January 19, 1994, the loan in the amount of $35,115.86 was disbursed. On February 26, 1996, the loan was declared in default. The defendant has made no payments on the loan since at least November of 2005.

---

[1] The defendant's former married name was Whittlesey; her current married name is Moots. (See Affidavit of Facts surrounding consolidated student loan of Teresa M. (Whittlesey) Moots (Doc. No. 12-3) ("Moots Aff.").)

**II.   LEGAL STANDARD**

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c).  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994).  When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987).  Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact.  Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248

2

(internal quotation marks omitted).  A material fact is one that would "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.  Only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted.  Immaterial or minor facts will not prevent summary judgment.  See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor."  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)(quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). However, the inferences drawn in favor of the nonmovant must be supported by the evidence.  "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment.  Stern v. Trustees of Columbia University, 131 F.3d 305, 315 (2d Cir. 1997) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)).  Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant.  Anderson, 477 U.S. at 252.

Because the defendant in this case is proceeding pro se, the

3

court must read the defendant's pleadings and other documents liberally and construe them in a manner most favorable to the defendant.  See Burgos, 14 F.3d at 790.  Moreover, because the process of summary judgment is "not obvious to a layman," Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620 (2d Cir. 1999), the district court must ensure that a pro se defendant understands the nature, consequences and obligations of summary judgment, see id. at 620-621.  Thus, the district court may itself notify the pro se defendant as to the nature of summary judgment; the court may find that the opposing party's memoranda in support of summary judgment provide adequate notice; or the court may determine, based on thorough review of the record, that the pro se defendant understands the nature, consequences, and obligations of summary judgment.  See id.

　　　After reviewing the plaintiff's memorandum in support of summary judgment and the defendant's submissions in opposition to summary judgment in this case, the court concludes that the defendant understands the nature, consequences and obligations of summary judgement.  First, although the plaintiff did not serve the defendant with the notice to pro se litigants required by Local Rule 56(b), the court notes that the defendant is an attorney who opened a solo practice in 1996. (See Moots Aff. ¶¶ 2, 7, 10.)  Second, the defendant submitted a complete response to the plaintiff's motion which indicates that she

4

understands summary judgment. The defendant's opposition contains argument in opposition to each of the plaintiff's contentions and includes an affidavit and numerous exhibits. The court therefore finds that the pro se defendant in this case understands the nature, consequences and obligations of summary judgment.

### III. DISCUSSION

"The plaintiff is entitled to judgment if it presents evidence of the existence of the note, the defendant's default, and the amount due. It is well established that in any suit for collection of a promissory note, production of the note sued upon establishes the creditor's prima facie case." United States v. Chereton, No. C-92-4835 M (FSL), 1994 WL 374544, at *1 (N.D. Cal. July 12, 1994) (citations omitted).

In this case, the plaintiff has attached the note to its motion for summary judgment and produced a Certificate of Indebtedness by a loan analyst from the Department of Education stating under penalty of perjury that the guarantor of the defendant's loan was reimbursed by the United States and the amount owed in principal and interest. Cf. United States v. Davis, 28 F. App'x 502, 503 (6th Cir. 2002) (finding that an equivalent showing established the United States's prima facie case that it was entitled to collect on a promissory note).

The defendant does not dispute that she executed the note,

that she received the loan proceeds, or that she defaulted on the loan; instead, she argues that there is a genuine issue of material fact as to whether any payments were made toward the debt that were not credited to her.

> In response to an asserted defense of repayment, the party seeking payment of a student loan can satisfy its initial burden by showing that the borrower signed a promissory note, received the student loan payment, and defaulted on his or her repayment obligations.  After this showing is made, the party asserting the defense of repayment must "present evidence supporting his [or her] defense of repayment . . . ."

United States v. Cagle, No. 05-73883, 2007 WL 1695912, at *2 (E.D. Mich. June 12, 2007) (quoting Proctor v. U.S. Dep't of Educ., 196 F. App'x 345, 348 (6th Cir. 2006)) (internal citation omitted). Because the plaintiff has met its initial burden, it is the defendant's burden to offer probative evidence in support of her contention that she made any such payments.

The defendant has failed to do so.  The defendant asserts in her affidavit that she made payments on the loan and that "if all payments were made from March of 1999 through November of 2005 those payments would total approximately $39,500 paid toward the aforementioned student loan." (Moots Aff. ¶ 17.)  However, the plaintiff does not dispute that Moots made payments on the loan. The record it produced to the court indicates that she paid $23,501.25 to the prior holder of the debt.  In addition, the defendant does not aver that she ever made any payments to the

6

United States or dispute that she has made no payments on the loan since 2005.  She merely makes a vague and unsupported reference to money being "captured by the Federal Government from a joint tax refund" in "2 calendar years," but notes that "[s]ubstantial amounts" of the funds were recovered by her husband "due to the fact that the bulk of the taxed income was earned by him."  (Moots Aff. ¶ 18.)  Because the defendant has produced no evidence as to the outstanding balance of the debt to contradict that produced by the plaintiff, and because "mere conclusory and unsupported allegations" do not meet the requirement that the defendant "introduce some substantial evidence as to why [s]he does not owe the money," the motion for summary judgment should be granted.  Chereton, 1994 WL 374544, at *2.

**IV. CONCLUSION**

For the reasons set forth above, the Government's Motion for Summary Judgment (Doc. No. 7) is hereby GRANTED.  The Clerk shall enter judgment in favor of the plaintiff and close this case.

It is so ordered.

Signed this 11th day of May, 2010 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge